**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CIV-80650-RAR**

**BOCA RATON HOSPITAL, INC.**

      Plaintiff,

v.

**CELTIC INSURANCE COMPANY**,

      Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** came before the Court on Defendant Celtic Insurance Company's Motion to Dismiss [ECF No. 5] ("Motion"), filed May 22, 2019.  The Court heard oral argument on the Motion on September 10, 2019 [ECF No. 28] ("Hearing").  For the reasons stated on the record, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 5]** is **GRANTED** as follows:

1. Counts I and II of the Complaint [ECF No. 1] are **dismissed without prejudice and with leave to amend**.  Plaintiff shall file an Amended Complaint addressing the issues raised at the Hearing as to Counts I and II by no later than **October 16, 2019.**

2. Count III of the Complaint, premised on a breach of a purported third-party beneficiary contract, is **dismissed with prejudice**.  *See, e.g., Networkip, LLC v. Spread Enterprises, Inc.*, 922 So. 2d 355, 359 (Fla. 3d DCA 2006) (holding that "the express intent demonstrated by the Agreement between Network and Infinity is to eliminate third-party actions" and "because there can be no intended third party to benefit under the Agreement, there is no cause of action for breach of a third party beneficiary contract."); *Wolf v. Celebrity Cruises, Inc.,* 101 F. Supp. 3d 1298, 1311 (S.D. Fla. 2015), *aff'd,* 683 F. App'x 786 (11th Cir. 2017) (dismissing third-party beneficiary claim

with prejudice because contract at issue contained language that "this Agreement shall not be deemed to provide third persons with any remedy, claim, right, or action or other right," and thus, "[t]hrough its express terms, no reading of that language would allow for a finding of either an express or implied intent by the parties to primarily or directly benefit [plaintiff]."); *Smith v. Rainey*, 747 F. Supp. 2d 1327, 1341–42 (M.D. Fla. 2010) (dismissing third-party beneficiary claim "in light of the unambiguous expression of the parties' intent" with respect to contract expressly stating that "this contract shall not be construed as providing any enforceable right to any third-party.").

3. Count IV of the Complaint, requesting a declaratory judgment, is similarly **dismissed with prejudice**. The Court finds that the relief sought in Count IV is wholly subsumed within the other counts of the Complaint and the statutory provisions at issue are unambiguous. *See, e.g., Ministerio Evangelistico Int'l v. United Specialty Ins. Co.*, No. 16-25313-CIV, 2017 WL 1363344, at *2 (S.D. Fla. Apr. 5, 2017) ("If the determination of [plaintiff's] breach of contract claim involves the same factual dispute as the declaratory relief claim, then . . . the declaratory action must be dismissed.") (internal quotation marks and citation omitted).

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 10th day of September, 2019.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record